UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

HIGDON FURNITURE COMPANY,   Case No. 07-40562-LMK
　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　　　Debtor,
_____/

## OBJECTION OF CREDITOR, CAPITAL CITY BANK, TO SECOND AMENDED DISCLOSURE STATEMENT

Creditor, CAPITAL CITY BANK, hereinafter "Bank", by and through its undersigned counsel, pursuant to 11 U.S.C. §1125, Rule 3017, Federal Rules of Bankruptcy Procedure, and Rule 3017-1, Local Rules of United States Bankruptcy Court for the Northern District of Florida, files this Objection to the Second Amended Disclosure Statement of the Debtor, Higdon Furniture Company, ("Objection"). As grounds therefore, the Bank states the following:

1.　　Debtor filed its Second Amended Disclosure Statement ("Second Disclosure") on October 16, 2008. The Second Disclosure fails to provide interested parties with adequate information regarding the Debtor's plan of reorganization as required by 11 U.S.C. §1125.

2.　　Overall, the Second Disclosure completely lacks any relevant financial information which would enable an interested party to make an informed decision concerning whether to approve or oppose the plan of reorganization. The Second Disclosure, in its entirety, lacks the following information: 1) a complete description of the Debtors available assets and their value; 2) the condition and performance of the debtor while in chapter 11; 3) a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7; 4) an estimate of all administrative expenses, including attorney's fees and accountant's fees; 5) miscellaneous financial information, valuations or pro forma projections that would be relevant

1

to creditors' determinations of whether to accept or reject the plan; and 6) the tax consequences of the plan. Objections pertaining to the specific articles in the Second Disclosure will be raised in turn.

3.   Although Article II of the Second Disclosure is replete with explanations as to why the Debtor finds itself in its present position (described in the Second Disclosure as "conditions"), it is devoid of any concrete information about: 1) the condition and performance of the Debtor while in Chapter 11; or 2) projected future performance, specifically, explaining how the reorganized Debtor intends to deal with one or more of the conditions listed in the Second Disclosure (or a new condition that has not been contemplated).

4.   The Second Disclosure provides contradictory information regarding the Debtor's intended use of anticipated distributions under the Continued Dumping and Subsidy Offset Act ("CDSOA" or "Byrd Amendment"). In Article II of the Second Disclosure, the Debtor states that, "because of their inherent uncertainty," such distributions must be excluded from the plan of reorganization, and that it "intends to manage and expense any funds received under [CDSOA] against extraordinary expenses not covered by planned cash flow and to anticipate long term obligations resulting from the plan." However, this statement is contradicted in the Summary of the Plan, found in Article VII, where the Debtor states that claims will be satisfied by funds from Debtor's ongoing operations and "from monies received and to be received as a result of the Federal governments successful litigation with Chinese Furniture Manufacturing Companies over their actions in contravention of he United States Fair Labor Standards Act." The existence of such contradictory statements prevents interested parties from having a clear understanding of the Debtor's intentions and from making an informed decision whether to approve or reject the plan.

2

5. Although in Article IV, the Debtor lists two sources of financial information in the Second Disclosure and Second Amended Plan of Reorganization, the Second Disclosure fails to provide the financial information itself. The lack of any relevant or meaningful financial information impairs an interested party's ability to make an informed decision about whether to approve or reject the plan.

6. Article VI states generally that the Debtor will continue the same method of operation with the same management it had prior to the bankruptcy filing. The Second Disclosure fails to provide any information as to how the Debtor anticipates success relying on what appears to be the same methods and leadership. The Second Disclosure also fails to provide financial information about the compensation management is expected to receive.

7. In Article IX, Debtor purports to provide a liquidation analysis, but this analysis is meaningless without a complete description of the Debtor's available assets and their value. As the purpose of a liquidation analysis is to provide an estimated return that creditors would receive under chapter 7, it is axiomatic that an explanation of the values of the Debtor's assets is required. In addition, Debtor's liquidation analysis lacks any discussion of the potential impact of the anticipated IHG litigation. If the Debtor intends to pursue an enforcement action against IHG, as is declared in Article II, the potential impact of that action in the event of liquidation must be discussed.

8. Debtor's reference to potential IHG litigation raises more questions than it answers, in that pursuing this course of action appears to belie the purpose of reorganization under the Bankruptcy Code. It is unclear after reading the Second Disclosure, whether the Debtor truly is desirous of reorganization, or is merely staying the course in the hope that it will ultimately obtain the sale it sought after in its first amended disclosure statement and plan. In the

event the Debtor is merely seeking damages (which is unlikely as the purpose of the action is to "enforce the purchase by IHG"), the value of the damage claim should be included in the liquidation analysis, as explained in paragraph 7, above.

9. The Second Disclosure fails to provide an estimate of administrative expenses to be incurred during the pendency of this case, including attorneys' fees. Furthermore, it does not provide any information regarding how the Debtor will handle the superpriority administrative expense claim that was awarded by the Court in the Agreed Order Approving Interim Use of Cash Collateral, entered on December 6, 2007 (Doc. No. 63).

10. Although the Bank has other objections to language in the Second Disclosure, those objections pertain more directly to the proposed Second Amended Plan of Reorganization, and would be more appropriately addressed in an objection to confirmation.

WHEREFORE, the Bank, for the reasons stated herein, respectfully requests that the Second Amended Disclosure Statement not be approved as drafted.

RESPECTFULLY SUBMITTED this 8th day of December, 2008.

_____
James M. Donohue
Florida Bar No.: 191819
Opal McKinney-Williams
Florida Bar No.: 0580082
Ausley & McMullen
227 South Monroe Street (32301)
Post Office Box 391
Tallahassee, Florida 32302
(850) 224-9115
Facsimile No.: (850) 222-7560

ATTORNEYS FOR
CAPITAL CITY BANK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via regular U. S. Mail or electronically to the following as indicated on the date this document was filed with the Court. **Note:** *For verification of the date of service, please check the docket entry for this document.*

**Via Electronically:**

Jason H. Egan
Office of the U.S. Trustee
110 East Park Avenue, Room 128
Tallahassee, Florida 32301
jason.h.egan@usdoj.gov

**Via Regular U. S. Mail:**

Donald Wright
Post Office Box 55727
Birmingham, AL 35255-5727
(E-mail address not available)

**Via Electronically:**

Recovery Management Systems Corp.
Attn: Ramesh Singh
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605
claims@recoverycorp.com

**Via Electronically:**

Brian G. Rich, Esq.
Berger Singerman, PA
125 South Gadsden Street, Suite 300
Tallahassee, FL 32301
brich@bergersingerman.com

**Via Electronically:**

C. Edwin Rude, Jr., Esq.
211 E. Call Street
Tallahassee, FL 32301-7607
edrudelaw@earthlink.net

**Via Electronically:**

Noel R. Boeke
Holland & Knight, LLP
Post Office Box 1288
Tampa, FL 33601
noel.boeke@hklaw.com

**Via Regular U. S. Mail:**

Conan C. Leonard, III
Post Office Box 3361
Tallahassee, FL 32315-3361
(E-mail address not available)

_____
James M. Donohue, Attorney

h:\jmd\higdon furniture\pleadings\obj discl stmt 2008-12-08.doc

5